Brevard, J.
The defendant has been indicted and convicted of passing a counterfeit Spanish milled dollar, knowing it to be counterfeit. The act under which he is indicted, after stating what coins shall be current in this state, declares any person who shall counterfeit, or alter, .or attempt to pass, knowing them to be counterfeit, any of the aforesaid gold or silver coins, or shall make or keep in his or her possession any stamp, die or mould for coining the same, shall be adjudged guilty of felony, &c. Grimke, 314. A motion is made for a new trial, on the ground that testimony was offered to prove, that the defendant had said, some months before this transaction took place, (speaking of other dollars,) that he had made them. Also, that he had said, he had made and passed counterfeit dollars at fifty cents. It was also permitted to be proved, that implements for counterfeiting were found in his possession. A motion is also made in arrest of judgment, on the ground that the offence is not charged to have been committed with an intention to defráud the prosecutor, or any other person.
With regard to the first, I am of opinion the evidence ought not to have been received. East C. L. 123. Evidence of fact which went to prove substantive distinct offences, other than that with which the *759 prisoner stood charged, ought not to have been admitted, unless it went directly to prove him guilty of that offence. Foster, 245, 246. Proof that he made this identical dollar would have been coticlu-sive evidence that he knew it to be counterfeit, and therefore, might have been proper. But proof that he made or passed any other dollar, or had implements for coining in his house, did not go to establish the fact, that he knew this dollar to be counterfeit, and, therefore, was improper. I am also in fa-vour of the motion in arrest of judgment. Every indictment ounrht to shew on its face, that an offence has been committed. Now, it is no offence to pass counterfeit money, knowing it to be so, unless it is with an intention to defraud.
Perhaps if it had been charged to have been done feloniously, it would have been sufficient: because that would have implied a fraudulent intention. And I take it that such a charge is indispensible in every indictment for felony.' I do not understand the indictment to say, (as is alleged in the brief,) that the counterfeit dollar which was passed, was worth a ho udred cents; but that a Spanish milled dollar,* in the similitude of which it was made, is of that value. That ground, therefore, is not entitled to consideration.
New trial granted.
Justices Gkimke, Colcocic, Bay and Smith concurred.